

Michael Thibodeaux
*Clerk of Court*

Ryan J. Huval
*Chief Deputy*

STATE OF LOUISIANA

PARISH OF IBERIA

16TH JUDICIAL DISTRICT

I hereby certify that the foregoing is a true and correct copy of the entire proceedings filed in the matter entitled IDA MILLER vs. GREAT LAKE REINSURANCE (UK) PLC, Civil Docket Number 117289-D of the records of the 16th Judicial District, Iberia Parish, Louisiana.

Witness my hand and seal of office at New Iberia, Louisiana, this 13th day of October 2010.

Claudette V. Fremin
Deputy Clerk of Court

# 16th JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA

## STATE OF LOUISIANA

NO. 117289    DIVISION D

**IDA MILLER**

versus

**GREAT LAKES REINSURANCE (UK) PLC**

FILED: _____    _____
                                  DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Ida Miller, who respectfully avers:

1.

Plaintiff now is, and at all times relevant to this action was, a resident of Iberia Parish, State of Louisiana, and of the full age of the majority.

2.

Defendant now is, and at all times relevant to this action was, conducting business in Louisiana and may be served though the Louisiana Secretary of State.

3.

Defendant is, and at all times relevant to this action was, engaged in the business of writing and selling insurance throughout the United States and the State of Louisiana.

4.

Defendant issued to Plaintiff a liability insurance policy, No. GV0000162-09 ( the "Policy"), by which Defendant agreed to insure Plaintiff against loss arising from damages sustained to Plaintiff's insured property located at 1815 Church Street, Jeanerette, Louisiana, including personal property (contents), other structures, and additional living expenses.

5.

Hurricane Gustav made landfall along the Louisiana coastline on September 1, 2008, causing extensive damage to the property insured under the above policy.

6.

Plaintiff submitted a claim and demand under the policy to recover for losses sustained to insured property as a result of Hurricane Gustav and related damage. Plaintiff further satisfied all other terms and conditions of the policy.

7.

Plaintiff's proof of loss fully advised Defendant of the facts of each claim and was more than sufficient to enable the insurer to act on each claim.

8.

Defendant has wrongfully failed to act on the claim submitted by Plaintiff, or, alternatively, has wrongfully denied the claim within the time provisions established by La. R.S. 22:658 and La. R.S. 22:1220. In so doing, Defendant has breached the express terms and conditions of the policy and has otherwise denied Plaintiff the insurance coverage promised by the Defendant in a manner that has been arbitrary, capricious, and without probable cause.

9.

Furthermore, the Defendant has acted without reasonable basis or justification and in contravention of its duty of good faith and fair dealing in handling the Plaintiff's claim, namely:

(a) the Defendant has unreasonably and intentionally refused to pay benefits to which the Plaintiff is entitled under the terms of the insurance policy;

(b) the Defendant has unreasonably and intentionally delayed payments to which the Plaintiff is entitled under the terms of the insurance policy,

(c) the Defendant has intentionally failed to conduct a reasonable investigation into the claim reasonably based on all available information, to reasonably evaluate and review the information, and to make reasonable and timely efforts to settle the claim; and

(d) the Defendant has no reliable knowledge or information upon which to substantiate the denial of Plaintiff's claim.

10.

The Defendant has acted with actual knowledge or with reckless disregard of the lack of a reasonable basis in denying the claim, delaying payment of the claim, failing to make reasonable attempts to settle the claim, failing to conduct a reasonable investigation into the claim and failing to reasonably evaluate the available information.

11.

As a direct result of the Defendant's bad faith conduct, the Plaintiff has suffered compensatory damages in an amount not yet ascertained, and has and will continue to suffer

damages, including, but not limited to extended loss of use and rental income of the insured property and the costs and attorney's fees that may be incurred in maintaining this action.

12.

Plaintiff is entitled to recover from the Defendant's all losses, including damages, costs, and attorney's fees, caused by the Defendant's breach of contract and state law, in accordance with La. R.S. 22:658 as amended by Louisiana Act No. 813, effective August 15, 2006.

13.

Defendant's intentional breach of their duty of good faith towards the Plaintiff has been accompanied by oppression, fraud, or malice.

14.

Pursuant to La. R.S. 22:658, Defendant is obligated to pay Plaintiff proper coverage under the policy, plus a penalty of 50% on the amount to be due from the insured, or one thousand dollars, whichever is greater, or, in the event a partial payment or tender has been made, 50% of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs of the amount due in accordance with La. R.S. 22:658 as amended by Louisiana Act No. 813, effective August 15, 2006.

15.

La. R.S. 22:1220 provides that an insurer "owes to his insured a duty of good faith and fair dealing," and provides that the insurer "has an affirmative duty to adjust claims fairly and promptly, and to make a reasonable offer to settle claims with the insured." The statute further provides that "any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

16.

La. R.S. 22:1220 specifically provides among the actions breaching the insurer's duties set forth above are:

a) "Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue," or

b) "Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R.S. 22:1220(B)(1) & (5).

17.

The statute further provides that an insurer who breaches this duty is liable for, in addition to any general or special damages, a penalty equal to the greater of two times the damages sustained or $5,000.00.

18.

Pursuant to La. R.S. 22:1220, Defendant is obligated to pay Plaintiff the amount of actual damages sustained, plus a penalty of two times the actual damages sustained by Plaintiff.

19.

Should an amendment to La. R.S. 22:1220 be enacted allowing for attorney's fees and court costs to be collected in light of Defendant's actions, Defendant is obligated to pay the amount of those fees and costs to the Plaintiff.

20.

Plaintiff is entitled to prejudgment and post judgment interest on Plaintiff's claims.

21.

The policy of insurance issued by Defendant to Plaintiff is a valued policy as defined by Louisiana Law.

22.

Defendant owes to Plaintiff the policy limits of each said policy of insurance, less and except any sums already tendered to Plaintiff by Defendant.

23.

Venue is proper in this Honorable Court pursuant to La. Code of Civ. Pro. Art. 76.

**WHEREFORE**, Plaintiff demands judgment against Defendant, including payment for compensatory damages, statutory penalties, costs, attorney's fees, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

_____
Robert J. Diliberto (LA 24783)
Damon A. Kirin (LA 24729)
**Diliberto & Kirin, L.L.C.**
3636 S. I-10 Service Rd. West, Suite 210
Metairie, LA 70001
Telephone: (504) 828-1600
Fax: (504) 828-1555

**PLEASE SERVE:**
Great Lakes Reinsurance (U.K.) PLC
through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

FILED Sept. 1, 2010

DEPUTY CLERK OF COURT
IBERIA PARISH, LA.

Case Number: 00117289  6 of 16
No. 3219
Sep 1 2010 2:27PM

# Diliberto & Kirin, L.L.C.

3636 S. I-10 Service Rd West, Suite 210  
Metairie, Louisiana 70001  
Telephone (504) 828-1600  
Fax (504) 828-1555  

2435 Drusilla Ln., Suite D  
Baton Rouge, Louisiana 70809  
Telephone (225) 907-2691  
Toll Free (866)-955-0529  

Please Reply to Metairie Office

## FACSIMILE COVER SHEET

| To: | Attn: Clerk of Court 16th J.D.C. | Date: 9/1/10 |
|---|---|---|
| | | FAX # (337) 364-~~~ |

From: Robert Diliberto  
Re: Fax File Petition for Damages  
Ida Miller v Great Lakes Reinsurance (U.K.) PLC

| Attn: | Number of pages being faxed: 6 (including cover sheet) |
|---|---|

Clerk,

Please Fax File the attached petition for damages. When the confirmation is received from your office the original petition and fees will be remitted to your office. Should you have any questions do not hesitate to contact me.

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

```
* * * COMMU..ATION RESULT REPORT ( SEP. 1.2010  3:57PM ) * * *

                                    FAX HEADER: IBERIA PARISH CLERK 3373650737

TRANSMITTED/STORED : SEP. 1.2010  3:51PM
FILE MODE           OPTION                ADDRESS                      RESULT     PAGE
---------------------------------------------------------------------------------------
493  MEMORY TX                         G3  :915048281555---80           OK         1/1

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER
```



Michael Thibodeaux
*Clerk of Court*

Ryan J. Huval
*Chief Deputy*

## CONFIRMATION & RECEIPT OF FACSIMILE TRANSMISSION

**DATE FAX PLEADING RECEIVED:** SEPTEMBER 1, 2010

**CASE NAME & DOCKET NUMBER:** IDA MILLER

VS. NO. 117289-D

GREAT LAKES REINSURANCE (UK) PLC

**DESCRIPTION OF PLEADING:** PETITION FOR DAMAGES

**FILED ON BEHALF OF:** PLAINTIFF

**ATTORNEY SIGNING PLEADING:** ROBERT J. DILIBERTO

This is to acknowledge that the above described facsimile transmission was received and filed on the date shown above as per LA R.S. 13:850.

The original pleading is to be forwarded within five (5) days, exclusive of legal holidays, of this receipt together with the $5.00 transmission fee; $15.00 fee for this receipt; the correct filing fee to cover the cost of filing and recording the facsimile copy as well as the original pleading, and any balance of costs due. When the original pleading is received, the file mark will indicate the actual date it is received.

The record will contain the facsimile pleading, this receipt and the original pleading.

Receipt of facsimile acknowledged

_____
Deputy Clerk of Court

**Receipt faxed to number:** 504-828-1555

**Date receipt faxed:** SEPTEMBER 1, 2010

**Amount due:** $350.00

P.O. DRAWER 12010 • NEW IBERIA, LOUISIANA 70562-2010 • 337.365.7282 • FAX 337.365.0737
EMAIL: iberiaclerk@bellsouth.net • www.iberiaclerk.com

# 16th JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA

## STATE OF LOUISIANA

NO. 117289     DIVISION D

**IDA MILLER**

versus

**GREAT LAKES REINSURANCE (UK) PLC**

FILED: _____     DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Ida Miller, who respectfully avers:

1.

Plaintiff now is, and at all times relevant to this action was, a resident of Iberia Parish, State of Louisiana, and of the full age of the majority.

2.

Defendant now is, and at all times relevant to this action was, conducting business in Louisiana and may be served though the Louisiana Secretary of State.

3.

Defendant is, and at all times relevant to this action was, engaged in the business of writing and selling insurance throughout the United States and the State of Louisiana.

4.

Defendant issued to Plaintiff a liability insurance policy, No. GV0000162-09 (the "Policy"), by which Defendant agreed to insure Plaintiff against loss arising from damages sustained to Plaintiff's insured property located at 1815 Church Street, Jeanerette, Louisiana, including personal property (contents), other structures, and additional living expenses.

5.

Hurricane Gustav made landfall along the Louisiana coastline on September 1, 2008, causing extensive damage to the property insured under the above policy.

6.

Plaintiff submitted a claim and demand under the policy to recover for losses sustained to insured property as a result of Hurricane Gustav and related damage. Plaintiff further satisfied all other terms and conditions of the policy.

7.

Plaintiff's proof of loss fully advised Defendant of the facts of each claim and was more than sufficient to enable the insurer to act on each claim.

8.

Defendant has wrongfully failed to act on the claim submitted by Plaintiff, or, alternatively, has wrongfully denied the claim within the time provisions established by La. R.S. 22:658 and La. R.S. 22:1220. In so doing, Defendant has breached the express terms and conditions of the policy and has otherwise denied Plaintiff the insurance coverage promised by the Defendant in a manner that has been arbitrary, capricious, and without probable cause.

9.

Furthermore, the Defendant has acted without reasonable basis or justification and in contravention of its duty of good faith and fair dealing in handling the Plaintiff's claim, namely:

(a) the Defendant has unreasonably and intentionally refused to pay benefits to which the Plaintiff is entitled under the terms of the insurance policy;

(b) the Defendant has unreasonably and intentionally delayed payments to which the Plaintiff is entitled under the terms of the insurance policy,

(c) the Defendant has intentionally failed to conduct a reasonable investigation into the claim reasonably based on all available information, to reasonably evaluate and review the information, and to make reasonable and timely efforts to settle the claim; and

(d) the Defendant has no reliable knowledge or information upon which to substantiate the denial of Plaintiff's claim.

10.

The Defendant has acted with actual knowledge or with reckless disregard of the lack of a reasonable basis in denying the claim, delaying payment of the claim, failing to make reasonable attempts to settle the claim, failing to conduct a reasonable investigation into the claim and failing to reasonably evaluate the available information.

11.

As a direct result of the Defendant's bad faith conduct, the Plaintiff has suffered compensatory damages in an amount not yet ascertained, and has and will continue to suffer

damages, including, but not limited to extended loss of use and rental income of the insured property and the costs and attorney's fees that may be incurred in maintaining this action.

12.

Plaintiff is entitled to recover from the Defendant's all losses, including damages, costs, and attorney's fees, caused by the Defendant's breach of contract and state law, in accordance with La. R.S. 22:658 as amended by Louisiana Act No. 813, effective August 15, 2006.

13.

Defendant's intentional breach of their duty of good faith towards the Plaintiff has been accompanied by oppression, fraud, or malice.

14.

Pursuant to La. R.S. 22:658, Defendant is obligated to pay Plaintiff proper coverage under the policy, plus a penalty of 50% on the amount to be due from the insured, or one thousand dollars, whichever is greater, or, in the event a partial payment or tender has been made, 50% of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs of the amount due in accordance with La. R.S. 22:658 as amended by Louisiana Act No. 813, effective August 15, 2006.

15.

La. R.S. 22: 1220 provides that an insurer "owes to his insured a duty of good faith and fair dealing," and provides that the insurer "has an affirmative duty to adjust claims fairly and promptly, and to make a reasonable offer to settle claims with the insured." The statute further provides that "any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

16.

La. R.S. 22:1220 specifically provides among the actions breaching the insurer's duties set forth above are:

a) "Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue;" or

b) "Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R.S. 22:1220(B)(1) & (5).

17.

The statute further provides that an insurer who breaches this duty is liable for, in addition to any general or special damages, a penalty equal to the greater of two times the damages sustained or $5,000.00.

18.

Pursuant to La. R.S. 22:1220, Defendant is obligated to pay Plaintiff the amount of actual damages sustained, plus a penalty of two times the actual damages sustained by Plaintiff.

19.

Should an amendment to La. R.S. 22:1220 be enacted allowing for attorney's fees and court costs to be collected in light of Defendant's actions, Defendant is obligated to pay the amount of those fees and costs to the Plaintiff.

20.

Plaintiff is entitled to prejudgment and post judgment interest on Plaintiff's claims.

21.

The policy of insurance issued by Defendant to Plaintiff is a valued policy as defined by Louisiana Law.

22.

Defendant owes to Plaintiff the policy limits of each said policy of insurance, less and except any sums already tendered to Plaintiff by Defendant.

23.

Venue is proper in this Honorable Court pursuant to La. Code of Civ. Pro. Art. 76.

**WHEREFORE**, Plaintiff demands judgment against Defendant, including payment for compensatory damages, statutory penalties, costs, attorney's fees, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

_____
Robert J. Diliberto (LA 24783)
Damon A. Kirin (LA 24729)
**Diliberto & Kirin, L.L.C.**
3636 S. I-10 Service Rd. West, Suite 210
Metairie, LA 70001
Telephone: (504) 828-1600
Fax: (504) 828-1555

**PLEASE SERVE:**
**Great Lakes Reinsurance (U.K.) PLC**
through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

FILED THIS
2010 SEP -3 A 10:42
DEPUTY CLERK OF COURT
PARISH OF CADDO, LA

# CITATION

IDA MILLER

VERSUS

GREAT LAKES REINSURANCE (UK) PLC

Case: 00117289
Division: D
State of Louisiana
16th Judicial District Court
Parish of Iberia

To: GREAT LAKES REINSURANCE (UK) PLC, THROUGH ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

of EAST BATON ROUGE Parish

You are hereby summoned to comply with the demand contained in the PETITION of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 16th Judicial District Court in and for the Parish of Iberia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT NEW IBERIA, LOUISIANA, THIS ___ DAY OF SEPTEMBER, 2010.

Michael Thibodeaux
Clerk of Court
16th Judicial District Court
Parish of Iberia

_____
Deputy Clerk of Court

[FILE COPY]

Requested by:
DAMON A. KIRIN
3636 S. I-10 SERVICE ROAD WEST, SUITE 210
METAIRIE, LA 70001

# Diliberto & Kirin, L.L.C.
## Attorneys at Law

| | | |
|---|---|---|
| 3636 S. I-10 Service Rd. West, Suite 210<br>Metairie, Louisiana 70001<br>Telephone (504) 828-1600<br>Fax (504) 828-1555 | 440 Louisiana, Suite 900<br>Houston, TX 77002<br>Toll Free (866) 900-0529 | 2435 Drusilla Ln., Suite D<br>Baton Rouge, Louisiana 70809<br>Telephone (225) 907-2691<br>Toll Free (866) 900-0529<br>FAX (225) 928-0089 |

**Please Reply to Metairie Office**

Robert J. Diliberto
Licensed in Louisiana and Texas
diliberto@attorneys-louisiana.com

Damon A. Kirin
Licensed in Louisiana and Texas
kirin@attorneys-louisiana.com

September 1, 2010

Clerk of Court
16th Judicial District Court
Parish of Iberia
300 Iberia Street
New Iberia, LA 70560

    Re:    New Suit 117289 "D"
            *Ida Miller* v.
            *Great Lakes Reinsurance (UK) PLC*
            16th JDC, Parish of Iberia

Dear Clerk:

    Attached is original and two (2) copies of Petition for Damages in regard to the above-captioned matter. Please file the original into the record and return to me a conformed copy in the enclosed, self-addressed, stamped envelope. Note: One service is required, through the Secretary of State, State of Louisiana.

    Our firm's check # 1824 for $350.00, total fees, is enclosed. A copy of your Fax Receipt is also attached.

    With best regards, I remain

                                          Very truly yours,

                                          Damon A. Kirin

DAK/jw
Attachments: petitions (3), sase, check, receipt

**CITATION**

| | |
|---|---|
| IDA MILLER | Case: 00117289 |
| VERSUS | Division: D |
| | State of Louisiana |
| GREAT LAKES REINSURANCE (UK) PLC | 16th Judicial District Court |
| | Parish of Iberia |

To: **GREAT LAKES REINSURANCE (UK) PLC, THROUGH ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE**
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

of EAST BATON ROUGE Parish

You are hereby summoned to comply with the demand contained in the PETITION of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 16th Judicial District Court in and for the Parish of Iberia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT NEW IBERIA, LOUISIANA, THIS ___ DAY OF SEPTEMBER, 2010.

Michael Thibodeaux
Clerk of Court
16th Judicial District Court
Parish of Iberia

_Phyllis O. Nilan_
Deputy Clerk of Court

SEP 16 2010

I made service on the named party through the Office of the Secretary of State
by tendering a copy of this document to ☐ MEGHAN SHANKS
☐ JULIE NESBITT   ☐ TAMMY GLOVER
_E. Cummins_
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED
SEP 15 2010
EBR SHERIFF'S OFFICE

FILED FOR RECORD
2010 SEP 22 A 9:08
DEPUTY CLERK OF COURT
PARISH OF IBERIA, LA

Requested by:
DAMON A. KIRIN
3636 S. I-10 SERVICE ROAD WEST, SUITE 210
METAIRIE, LA 70001

[ORIGINAL]

# NOTICE OF SERVICE

MILLER, IDA

VERSUS

GREAT LAKES REINSURANCE (UK) PLC

Case: 00117289
Division: D
State of Louisiana
16th Judicial District Court
Parish of Iberia

To: **DAMON A. KIRIN**
**DILIBERTO & KIRIN, LLC**
**3636 S. I-10 SERVICE ROAD WEST, SUITE 21**
**METAIRIE, LA 70001**

Party **GREAT LAKES REINSURANCE (UK) PLC** was **SERVED.**

Pleading: **PETITION**

Date of Service: **Thursday, September 16, 2010**

**DOMICILIARY**    **THRU JULIE NESBITT (FOR SEC. OF STATE)**

Reason:

Issued by the Clerk of Court on September 24, 2010.

*Michael Thibodeaux*

**MICHAEL THIBODEAUX**
Clerk of Court
Iberia Parish
16th Judicial District Court
P.O. Box 12010
New Iberia, LA 70560

[FILE COPY]