UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IDA MILLER | : | DOCKET NO. 6:10 CV 1578 |
| VS. | : | JUDGE DOHERTY |
| GREAT LAKES REINSURANCE (UK) PLC | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

On December 15, 2010, the undersigned heard argument on the the plaintiff's Motion to Remand this suit to the 16th Judicial District Court for Iberia Parish, Louisiana. For the following reasons, the motion to remand is **denied**.

## BACKGROUND

Plaintiff, Ida Miller ("Miller") , filed this lawsuit in the 16th Judicial District Court for Iberia Parish, Louisiana against Great Lakes Reinsurance (UK) PLC ("Great Lakes"), which is alleged to have insured Miller's property which was allegedly damaged during Hurricane Gustav.  Miller's Petition alleges that Great Lakes wrongfully denied plaintiff's claim under the policy.  Accordingly, she seeks "the policy limits . . . less and except any sums already tendered to Plaintiff by Defendant." [rec. doc. 1-1, pg. 5, ¶ 22]. She additionally seeks statutory penalties and attorney's fees  under La. R.S. 22:658 (50% of the claim) and/or La. R.S. 22:1220 (two times the damages sustained).[1] [*Id.* at pg. 4-5, ¶ ¶ 12, 14, 17, 18 and 19].

---

[1] These statutes have been re-designated as La. R.S. 22:1892 and 22:1973, respectively.

Great Lakes timely removed this action to this federal court pursuant to 28 U.S.C. § 1441(b) alleging that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. [rec. doc. 1].

## LAW AND ANALYSIS

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. WalMart Stores*, 193 F.3d 848, 850 (5th Cir. 1999) citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

In actions seeking sums due under an insurance policy, when determining if the jurisdictional amount exists, courts consider not only the amounts allegedly due under the policy, but also any potential attorney's fees and penalties for which the insurer may be liable. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In this case, it is facially apparent that the jurisdictional amount exists. Plaintiff expressly seeks "the policy limits . . . less and except any sums already tendered to Plaintiff by Defendant." [rec. doc. 1-1, pg. 5, ¶ 22]. The Great Lakes policy contains coverage limits of $52,000.00. It is undisputed that plaintiff has been paid $4,388.66 under the policy. Thus, her claim for damages is for $47, 611.34. Penalties of two times this amount may be awarded under La. R.S. 22:1220. Moreover, attorney's fees may be

awarded under La. R.S. 22:658. Thus, it is abundantly clear that the jurisdictional amount is not only met, but far exceeded, in this case.

Once it is apparent that there is a sufficient amount in controversy for jurisdiction, the plaintiff can only defeat removal by establishing that it is legally certain that her claims are for less than $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-1412 (5th Cir. 1995), *cert. den*. 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).

Plaintiff submits a Stipulation and Renunciation, stating that her claim does not exceed $75,000.00 and that she renounces her right to enforce any judgment greater than that amount. While this stipulation and renunciation might have been sufficient to defeat jurisdiction had it been made prior to removal, its submission after the removal will not defeat jurisdiction. The Fifth Circuit has made it clear that "once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412 *referencing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached.").

Furthermore, although the Fifth Circuit allows plaintiffs to clarify ambiguity in their Petition with post-removal affidavits, when, as in this case, the amount in controversy is facially apparent at the time of removal, post-removal stipulations, affidavits or amendments purporting to reduce the amount of damages a plaintiff seeks cannot deprive the Court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted).

Based on the foregoing, this court may properly exercise diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff's Motion to Remand is therefore **DENIED.**

Signed this 15th day of December, 2010, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE